NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**BENJAMIN GAL-OR, VALERY SHERBAUM,** AND **MICHAEL LICHTSINDER,**
*Plaintiffs-Appellants,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

———————————

2014-5028

———————————

Appeal from the United States Court of Federal Claims in No. 1:09-cv-00869-SGB, Judge Susan G. Braden.

———————————

Before NEWMAN, RADER, and CHEN, *Circuit Judges.*

PER CURIAM.

## O R D E R

The parties have responded to this court's order concerning whether this appeal should be dismissed as premature.

The plaintiffs appeal a November 21, 2013 United States Court of Federal Claims order dismissing their

claims regarding trade secrets.  Still pending before that court are patent infringement matters.

This court ordinarily only has jurisdiction over appeals from "final decision[s]" of the Court of Federal Claims.  28 U.S.C. § 1295(a)(3) (2006) ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a final decision of the United States Court of Federal Claims.").  The final judgment rule limits our jurisdiction to appeals from a decision or order that "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *Allen v. Principi*, 237 F.3d 1368, 1372 (Fed. Cir. 2001) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981)).

Because there is no final judgment resolving all of the claims, we must dismiss this premature appeal.  The plaintiffs may of course appeal following entry of a final judgment resolving all claims, when appropriate.

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each side shall bear its own costs.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s26